In the Matter of: Condemnation by Urban Redevelopment Authority of Pittsburgh of Certain Lands in the 15th Ward of the City of Pittsburgh, Allegheny County, Pennsylvania, Redevelopment Area No. 40 (Greater Hazelwood) Being Property of Helen Duffy Hoffstot, or Any Other Persons Found To Have an Interest in the Property v. Urban Redevelopment Authority of Pittsburgh. Caroline Patanyi, Appellant.

368

Argued May 3, 1978, before Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN and Judge DISALLE did not participate.

*John B. Nicklas, Jr.,* with him *McCrady, Nicklas & McCrady,* for appellant.

*Michael J. Scott,* with him *Marion E. Popiel,* for appellee.

OPINION BY JUDGE MENCER, June 29, 1978:

This case arises on appeal of Caroline Patanyi (appellant) from the order of the Court of Common

Pleas of Allegheny County, dated May 25, 1977, refusing her petition requesting the court to order Urban Redevelopment Authority of Pittsburgh (condemnor) to pay into court the sum of $10,000.

Appellant is the widow of Joseph (George) Patanyi, who died on April 3, 1966. At the time of his death, Mr. Patanyi was the owner of a bar, restaurant, and rooming house business, known as The New Grant Bar and Cafe, located at 4913-15 Second Avenue, 15th Ward, City of Pittsburgh. The decedent's will, dated August 11, 1963, was duly probated in the office of the Register of Wills of Allegheny County, at No. 1598 of 1966. By said will, the decedent devised to the appellant, his wife, the sum of $500 and one-half of all remaining cash, as well as one-half of his business. On October 12, 1966, a family settlement agreement of the estate of Joseph (George) Patanyi, deceased, was entered into by the appellant and George Patanyi, the son of Joseph and Caroline Patanyi. George Patanyi entered into the said agreement individually and as administrator c.t.a. of the estate of Joseph (George) Patanyi, deceased.

On November 6, 1974, a declaration of taking was filed by condemnor. The property condemned therein was The New Grant Bar and Cafe. Condemnor has since taken possession of said premises, and the bar, restaurant, and rooming house business was discontinued as of March 2, 1976.

Prior to March 24, 1976, condemnor was informed of the interest of appellant in the condemned bar, restaurant, and rooming house business. In addition, by letter dated March 24, 1976 from appellant's counsel, John B. Nicklas, Jr., Esquire, condemnor received written notice of appellant's claim and interest in The New Grant Bar and Cafe business. On August 20, 1976, the lower court, pursuant to a petition to intervene filed by appellant, entered an order permitting

her to intervene as a party in interest in the condemnation proceedings. By letter dated May 3, 1977, Michael J. Scott, attorney for condemnor, notified appellant's counsel that a further payment of $10,000 to the said George Patanyi and his wife was contemplated. Appellant filed a petition for appointment of viewers and a petition for moneys to be paid into court. After presentation of the petitions in open court, the lower court, by order of May 25, 1977, denied the petitions.

The lower court reasoned that, since a board of view had already been appointed in an eminent domain proceeding in which appellant had been permitted to intervene as a party in interest, there would be no purpose served in appointing a new board of view to pass upon appellant's claims or the extent of her interest, if any. We agree and will affirm the denial of the petition for the appointment of a board of viewers.

As to appellant's petition for the payment of $10,-000 into court, the lower court did not actually rule on the merits of that petition but concluded that the petition had been withdrawn. In view of the fact that the record is silent in this regard, although the court's order of May 25, 1977 is suggestive that the petition was denied outright rather than withdrawn, and in view of the likelihood of a misunderstanding relative to the intention or desire of appellant to withdraw the petition, we will reverse the lower court's order in this regard and remand for the lower court's consideration of the petition for payment of money into court and disposition on the merits.

Order affirmed as to denial of petition for appointment of viewers and reversed as to denial of petition for payment of money into court, and case remanded to the Court of Common Pleas of Allegheny County for further proceedings not inconsistent with the above opinion.

## ORDER

Now, this 29th day of June, 1978, the order of the Court of Common Pleas of Allegheny County, dated May 25, 1977, is affirmed as to denial of petition for appointment of viewers and is reversed as to denial of petition for payment of money into court. The case is remanded to the Court of Common Pleas of Allegheny County for further proceedings not inconsistent with our opinion.